### DeWITT-HALL MOTOR CO, INC v COFFEY

Ohio Appeals, 9th Dist, Summit Co

No 2207.   Decided Nov 1, 1932

Davis & Lipps, Akron, for plaintiff in error.

James M. Hinton for defendant in error.

FUNK, J.

These are plain issues of fact, to be determined by the jury under proper instructions by the court. We find a direct conflict in the testimony of the witnesses for the respective parties concerning certain statements made by them, respectively, at the time of closing the deal. We think that, under our statute, §8393 GC, the testimony of both the plaintiff and his wife, if believed by the jury, amply shows a warranty by the defendant that the motor would be in first-class running condition when delivered to plaintiff, and the evidence is overwhelming that it was not in such condition.

The same thing is true as to whether or not plaintiff rescinded the contract. There is evidence to the effect that plaintiff offered to return the Essex and the $100. It is undisputed that the Essex was never driven after plaintiff got it home, and that it is still there, ready to be delivered to defendant in as good condition as it was when plaintiff got it, except for depreciation from standing so long. The main dispute is as to plaintiff's ability to return the $100.

If the jury believed the testimony of plaintiff and his wife as to what was said by them, respectively, and by defendant's representative who made the deal, on the several occasions when they talked with him about the deal, the evidence was sufficient to prove a rescission under our statute: §8449, Subdivision d, GC.

Under the evidence on behalf of plaintiff and the circumstances in this case, we do not think it was necessary for plaintiff to make an absolute tender of the $100 and physically deliver the Essex to plaintiff's place of business, but that he fully complied with the statute if he made the offer to do so, as claimed by him, and the jury believed the testimony on his behalf rather than that on behalf of defendant as to the conversations between them.

From our reading of the testimony of the several witnesses for the respective parties, we feel that the plaintiff sustained the burden of proof placed upon him, and that the evidence was not only sufficient to sustain the verdict but that the jury was fully warranted in returning the verdict it did.

Second. Counsel contend that the court erred in the charge as to the measure of damages.

Under the evidence in this case, plaintiff was at all times ready, able and willing to return the Essex car; the only dispute was about the $100. Plaintiff did not accept or keep the Essex as such and sue for recoupment or damages as he might have done under subdivisions a and b of §8449 GC, but elected to rescind under subdivision d of that section. Having proceeded under said subdivision d, it was the same as asking for his money back, which in the instant case was his Oakland automobile. Defendant having sold it and therefore not being able to return it, the measure of damage was, of course, the value of the Oakland automobile at the time of the rescission, less the $100 he already had. It is thus apparent that the authorities cited by defendant on this question have no application to the instant case. We therefore find that the court charged the correct measure of damages under the pleadings and the evidence in this case.

Something was said in oral argument concerning the failure of the court at one place in his charge, where he was making somewhat of a summing up of the essential facts necessary for plaintiff to prove in order to recover, to include the element of the necessity of plaintiff to show that he offered to return the Essex and the $100 and his ability to do so.

The court had just gotten through telling the jury the essential elements of plaintiff's case, where the court did properly include all the elements necessary for plaintiff to prove, and told the jury that plaintiff must prove them by a preponderance of the evidence, and if the court had stopped with the first three and one-half lines at the top of page 109 of the bill of exceptions, there could be no complaint; but because the court seemed to add part of the essential elements in the nature of additional to "the essential parts of his case as I have outlined them to you," and did not reiterate all of them, it is claimed that this part of the charge was prejudicial to defendant.

Considering the charge as a whole, we do not think there is a chance that the jury were misled in any way by this omission in the connection in which it was used. We therefore find that there is no prejudicial

error in this particular.

Furthermore, something was said in oral argument about plaintiff having originally sued for damages and having amended his petition a second time and thereby changing his action from one for damages to one for rescission.

That matter is not before us, even for the purpose of affecting the reasonableness of plaintiff's testimony, as it was not referred to in the trial in any manner, not even upon cross-examination of plaintiff. The original petition and the first amended petition not having been offered in evidence, are not a part of the record, and we cannot consider them.

Finding no prejudicial error in the record, the judgment will be affirmed.

PARDEE, PJ, and WASHBURN, J, concur in judgment.